IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JEAN G. HUNT-RICHARDS, ) | |
| ) | CIVIL ACTION NO. 0:05-2188-GRA-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART ) COMMISSIONER OF SOCIAL ) SECURITY, ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The record reflects that Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of May 2001 due to degenerative disc disease, chronic back and neck pain, right shoulder pain, depression, hypertension and obesity. (R.pp. 27-28, 30, 39, 43, 59-62, 75, 109-112, 233). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 24, 2003. (R.pp. 209-234). The ALJ thereafter denied Plaintiff's claims in a decision issued January 28, 2004. (R.pp. 17-24). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-8).



The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).



**Discussion**

A review of the record shows that Plaintiff, who was forty-nine (49) years old when she alleges she became disabled, has a high school equivalent education (GED) and past relevant work experience as a meat wrapper and stocker. (R.pp. 28, 30, 59-60, 76, 96-103, 140, 216, 219-220, 231). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity to perform light work[1] with certain designated restrictions, and was therefore not disabled. (R.pp. 23-24). Plaintiff asserts that in reaching this decision, the ALJ erred by failing to follow the requirements of SSR 96-8p in assessing Plaintiff's RFC, by failing to follow the requirements of SSR 96-7p when evaluating Plaintiff's testimony concerning the extent of her limitations, and by failing to follow the requirements of SSR 00-4p by relying on Vocational Expert (VE) testimony without resolving the inconsistencies between the definition of light work adopted by the Dictionary of Occupational Titles (DOT) and the VE's testimony.

After careful review of the record and consideration of the arguments presented, the

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3



undersigned is constrained to agree with the Plaintiff that this case should be reversed and remanded due to the ALJ's failure to follow the requirements of SSR 00-4p. This SSR requires that, before relying on VE testimony to support a disability determination or decision, the ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs...and information in the Dictionary of Occupational Titles (DOT)....".  SSR 00-4p further provides that "[w]hen there is an apparent unresolved conflict between VE...evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE...evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the [ALJ's] duty to fully develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency."  This process allows the ALJ to resolve any conflicts by determining if the explanation given by the VE "is reasonable and provides a basis for relying on the VE...testimony rather than on the DOT information."

The ALJ failed to comply with the requirements of this SSR. The ALJ determined that Plaintiff retained the residual functional capacity to perform light work, subject to the following additional limitations: "she is to have the option to alternate at will between sitting and standing; she is to avoid all crawling, crouching, climbing, squatting, kneeling, pushing or pulling with the legs, use of the arms above shoulder height and lifting above ten pounds with the non-dominant left arm alone; and she is restricted to simple, unskilled work." (R.p. 23).  The ALJ then posed a hypothetical to the VE which contained these limitations, following which the VE identified three jobs which Plaintiff could perform with these limitations: parking lot attendant, storage facility clerk, and carton packer. (R.pp. 231-232).  In his written decision, after noting the VE's testimony that Plaintiff could perform these jobs, the ALJ stated the following: "The undersigned specifically asked the Vocational

4



Expert, pursuant to the requirements set forth in SSR 00-4p, whether the opinions expressed were consistent with the occupational information provided in the Dictionary of Occupational Titles (DOT). The Vocational Expert answered in the affirmative." (R.p. 22). However, the transcript of the hearing clearly reflects that the ALJ did not in fact ask the VE this question, nor did the VE offer any testimony on this issue. (R.pp. 231-233). Indeed, the Defendant concedes that, contrary to what is stated in the ALJ's decision, the ALJ did not ask the VE whether there were any inconsistencies between his testimony and the DOT. Defendant argues instead that the ALJ did not need to do so because "there was no apparent conflict for the ALJ to inquire about." Defendant's Brief, p. 17. Defendant further argues that "the ALJ's statement that he inquired whether there were inconsistencies between the VE's testimony and the DOT was at most harmless and had no bearing on the outcome of this case." Id. The undersigned does not agree.

A review of the three jobs at issue reveals the following: the job of parking lot attendant (DOT No. 915.473-010) requires a medium degree (Level 3) of aptitude in the areas of manual dexterity and eye-hand-foot coordination, and repetitive work which also requires frequent handling and reaching. The DOT description also indicates that this job may require servicing automobiles with gasoline, oil and water. The carton packer (DOT No. 920-665-010) requires constant reaching and handling, while the storage facility clerk (DOT No. 295.367-026) requires the loading of film into security and surveillance cameras, the cleaning of the storage facility and maintenance of the premises in an orderly condition, occasional stooping and kneeling, and frequent reaching and handling. While it is arguable that the reaching and handling requirements for these positions would not require use of the arms above shoulder height, the DOT requirements of loading film into security and surveillance cameras (which are typically placed high up on walls and

5



ceilings), occasional stooping or kneeling, or servicing automobiles appear to be in conflict with Plaintiff's limitations as found by the ALJ. (R.p. 23). As previously noted, SSR 00-4p requires that, "[w]hen there is an apparent unresolved conflict between VE...evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE...evidence to support a determination or decision about whether the claimant is disabled."

In sum, once a claimant establishes an inability to return to their past relevant work, the burden is on the Commissioner to come forward with evidence that the claimant can perform other work which exists in sufficient numbers in the national economy. While use of VE testimony to satisfy this burden is appropriate; see Grant v. Schweiker, 699 F. 2d 189, 192 (4th Cir. 1983); a decision cannot be based on VE testimony that is not properly developed and is not in compliance with the Social Security regulations. Estrada v. Barnhart, 417 F.Supp.2d 1299, 1302 (M.D.Fla. Feb. 24, 2006); Lellhame v. Barnhart, 128 Fed.Appx. 618, 619 (9th Cir. 2005). Here, the ALJ's statement that he made inquiry as required by SSR 00-4p, when no such inquiry was ever made, and that he then relied upon testimony and evidence from the VE that was in fact never received, requires remand.

Finally, with respect to Plaintiff's complaint that, in reaching his decision, the ALJ failed to follow the requirements of SSR 96-8p and SSR 96-7p, on remand the ALJ will be able to reconsider and reevaluate Plaintiff's RFC and credibility as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment



affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of obtaining proper vocational expert testimony in compliance with SSR 00-4p, and for such further administrative action as is deemed necessary and appropriate.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 22, 2006

